UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

JANET B. GRIFFIN,

*Plaintiff-Appellant,*

and

AEROLATOR SYSTEMS, INCORPORATED;
DEBORAH L. NESTER, in her official
capacity as Executrix of the Estate
of F. Brent Nester,

*Plaintiffs,*

v.

WILBUR F. POSTON,

*Defendant-Appellee.*

No. 03-1093

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Carl Horn, III, Magistrate Judge.
(CA-00-277-3-H)

Argued: May 6, 2004

Decided: July 22, 2004

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Dale Stuart Morrison, Charlotte, North Carolina, for
Appellant. Keith Brian Romich, ROMICH & ASSOCIATES, Atlanta,

Georgia, for Appellee. **ON BRIEF:** Eric M. D. Zion, FISHER & PHILLIPS, L.L.P., Atlanta, Georgia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Appellant Janet Griffin, the plaintiff in a civil action against Appellee Wilbur Poston in which the parties alleged competing breach of contract claims regarding a stock purchase agreement, appeals the magistrate judge's award of attorneys' fees to Poston pursuant to a provision in the underlying contract.[1] Griffin alleges Poston was not a prevailing party on his counterclaim under the contract and that the extent of the award was unreasonable. For the following reasons, we affirm.

I.

The complaint underlying this appeal arises from the souring of a business arrangement between Aerolator Systems, Inc. ("ASI"), a company owned by Griffin and Brent Nester, and Poston. Prior to September 1, 1999, Poston had served for a number of years as head of marketing and sales for ASI, a manufacturer and distributor of commercial kitchen vents and stove hoods. Pursuant to an agreement with ASI, Poston conducted all of his marketing and sales activities through Poston Marketing, Inc. ("PMI"), his wholly-owned corporation. As Poston's retirement neared, ASI negotiated to purchase PMI in order to continue the business relationships Poston had developed on ASI's behalf. Toward that end, on September 1, 1999 Poston and ASI entered into a Stock Purchase Agreement ("SPA") whereby ASI

---

[1]The parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c)(2000).

agreed to purchase all shares of PMI for $800,000, $500,000 to be paid in cash and the remaining $300,000 to be paid by promissory note. Pursuant to that agreement, the parties agreed that

> in the event of any breach of the terms of this Contract, the breaching party shall be responsible for the payment of the reasonable attorney's fees and costs of the prevailing party in any action or proceeding arising from such breach.

J.A. 135.

On May 2, 2002, Griffin, together with ASI and Deborah Nester[2] ("the plaintiffs"), filed suit against Poston in North Carolina state court, alleging numerous claims for relief centered around Poston's alleged breach of the SPA's terms. Poston removed the plaintiffs' complaint to federal court pursuant to 28 U.S.C. § 1441 (2000) and filed an answer that included a counterclaim alleging that the plaintiffs had breached the terms of the SPA. At the close of trial, the jury returned an award of $43,000 for the plaintiffs as to their "wrongful retention of commissions" claim only and resolved the parties' competing breach of contract claims regarding the SPA in Poston's favor.

Following trial, Poston filed a motion seeking attorneys' fees pursuant to the SPA. The plaintiffs opposed Poston's motion, arguing that Poston was not a prevailing party and that the amount requested by Poston was excessive, particularly because Poston's counterclaim was in the nature of a collection action and therefore should be capped pursuant to a provision in the underlying promissory note and Ga. Code Ann., § 13-1-11 (Michie 2003) (limiting an award of attorneys' fees in an action to collect a debt "upon any note or other evidence of indebtedness").

The magistrate judge concluded that Poston was a prevailing party under the SPA, but reduced the requested fees by (a) offsetting the total award by an amount proportional to the jury's award in the plaintiffs' favor and (b) applying the lower hourly rates claimed by Poston's local counsel in North Carolina to the hours invested by Pos-

---

[2]Deborah Nester is the executor of Brent Nester's estate and was substituted as a party for Brent Nester on October 4, 2002.

ton's primary counsel in Georgia. The plaintiffs moved for reconsideration, reiterating that the counterclaim on which Poston prevailed was in the nature of a collection action and therefore properly capped by the limiting provision in the promissory note and § 13-1-11. The magistrate judge denied the plaintiffs' motion for reconsideration, and this appeal followed; however, Nester and ASI subsequently withdrew their appeals.

## II.

This court reviews an award of attorneys' fees for an abuse of discretion. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 766 (4th Cir. 2003). However, we review *de novo* any underlying legal conclusions, such as whether Poston was the prevailing party. *See Shaw v. Hunt*, 154 F.3d 161, 164 (4th Cir. 1998). Having had the benefit of the parties' briefs and oral argument, and after careful consideration of the record and the applicable law, we find no error in the magistrate judge's conclusion that Poston was a prevailing party under the SPA or in calculating the amount of the award. Accordingly, we affirm on the thorough and cogent reasoning of the magistrate judge, which we adopt as our own. *See Nester v. Poston*, No. CA-00-277-3-H (W.D.N.C. Oct. 8, 2002; Dec. 12, 2002).

*AFFIRMED*